# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| BANK OF AMERICA, N.A., | : |
|     Plaintiff, | : CASE NO. 25-CV-01061 |
| | : |
| v. | : JUDGE CHRISTOPHER A. BOYKO |
| | : |
| THE NOTRE DAME COLLEGE, | : MAGISTRATE JENNIFER DOWDELL ARMSTRONG |
| PETER J. CORRIGAN, | : |
| JUSTIN TISDALE, | : |
| LEN BARKER, and | : |
| CUYAHOGA COUNTY TREASURER, | : |
| | : |
|     DEFENDANTS | : |
| | : |

## MOTION OF BANK OF AMERICA, N.A. TO EXPEDITE CONSIDERATION OF MOTION FOR APPOINTMENT OF AURORA MANAGEMENT PARTNERS AND DAVID BAKER AS RECEIVER FOR CERTAIN PROPERTY OF THE NOTRE DAME COLLEGE WITH CONSENT OF THE COLLEGE

Plaintiff, Bank of America, N.A. (the "Plaintiff" or "Bank"), by and through its undersigned counsel, files this motion seeking to expedite consideration of its Motion for Appointment of Aurora Management Partners and David Baker as Receiver for Certain Property of the Notre Dame College with Consent of the College ("Motion for Receiver"), and requesting that a hearing be scheduled concerning the Motion for Receiver on or before June 20, 2025, at a time convenient for the Court. This request is made as the College's current funding from the Bank expires on July 1, 2025 and as previously represented to the Court, absent the appointment of a Receiver in whom the Bank has confidence, no further funding will be forthcoming from the Bank. Such a consequence threatens direct harm to all interested parties as the College, on its own, lacks the resources to maintain its remaining assets, and the Bank is unaware of any other potential lenders that will extend credit on the College's fully encumbered assets addressed in this action.

43939511.4/148413.00031

## FACTUAL AND PROCEDURAL BACKGROUND

**A. Events Leading to the Receivership Filing**

1. Plaintiff filed its Motion for Receiver on May 23, 2025, contemporaneous with the filing of its Complaint in the above-captioned case.

2. As detailed further in the Motion for Receiver, the Plaintiff has paid more than $1.5 million in the last year to cover the winddown expenses of the College, including salaries and employee benefits, and funds to secure, maintain and preserve the Collateral,[1] which primarily consists of the real property and improvements owned by The College of Notre Dame (the "College").  See Dec. of Kelly Werbecki, Ex. A to Motion for Receiver, ¶¶ 41-46

3. Despite efforts to market and sell the Collateral over the past year, the College has been unable to sell the Collateral through its own efforts.  *See id.*

4. The Bank is unwilling to further fund the cost of maintaining the Collateral, which exceeds $100,000.00 per month, without the appointment of a receiver in whom the Bank has confidence.  *See id.*

5. The financing that the Bank is currently extending to the College to fund maintenance and other aspects of the College's winddown and liquidation expires July 1, 2025. *See* Second Amendment to Post Default Liquidation and Funding Agreement, Ex. L to Motion for Receiver, ¶ 2(a).

6. The Bank desires to have the Motion for Receiver heard on an expedited basis to allow the Receiver to take control of the Collateral and put in place a new funding agreement with the Receiver prior to July 1, 2025, when the current funding expires.

---

[1] All capitalized terms not otherwise defined herein shall have the definition set forth in the Motion for Receiver.

2

7. If there is no receiver in place before July 1, 2025, funding for maintenance and security of the Collateral will end, to the detriment of all parties with an interest or potential interest in the Collateral.

8. Before filing the Complaint and Motion for Receiver, the Bank selected David Baker and Aurora Management Partners to serve as receiver for the Collateral and consulted with Mr. Baker regarding an appropriate order to position the receiver to act quickly, to obtain access to the Collateral, and to begin a marketing and sales process.

9. The Bank also negotiated with the College to obtain its consent to the appointment of a receiver for the Collateral and the proposed order attached to the Motion for Receiver.

10. On May 22, 2025, as the Bank was finalizing its pleadings in this proceeding, the Attorney General of the State of Ohio (the "Attorney General") filed a Complaint (the "AG's Complaint") in the Court of Common Pleas for Cuyahoga County, a copy of which is attached hereto as **Exhibit A**. The AG's Complaint alleges that at some point prior to the College closing, the College's Trustees inappropriately used restricted endowment funds for purposes outside of their restricted use.

11. Notably, the Bank does not seek to have the College's restricted endowment funds included as part of the receivership estate in this matter. To the extent that, despite that express exclusion, the Attorney General believes that it has some claim to the Collateral at issue in this proceeding, nothing would prevent the Attorney General from asserting such a claim in this proceeding.

**LEGAL BASIS AND ARGUMENT**

12. Pursuant to Local Civil Rule 7.1, parties generally have seventeen (17) days from service to respond to non-dispositive motions and a movant has an additional seventeen (17) days

3

to file a reply. LR 7.1(d)&(e). That would mean that the deadline to respond to the Motion for Receiver would be June 9, 2025.

13. Pursuant to Local Civil Rule 7.2, the Court will attempt to rule on a non-dispositive motion within thirty (30) days of it becoming ripe. LR 7.3.

14. However, Rule 16(a)(4) of the Federal Rules of Civil Procedure allows for modification of schedules upon a showing of "good cause." Fed. R. Civ. P. 16(a)(4).

15. Pursuant to that Rule and for the reasons set forth herein, the Bank requests the following expedited schedule for consideration of the Motion for Receiver, which should allow the Court sufficient opportunity to rule prior to July 1, 2025:

| Response deadline | June 9, 2025 (17 days from service) |
|---|---|
| Reply deadline | June 13, 2025 |
| Hearing (if any) | On or before June 20, 2025 at a time of the Court's choosing |

16. The Bank believes that, given the exigent circumstances facing the College and its stakeholders, the proposed schedule is a reasonable schedule that would allow parties to file any responses to the Motion for Receiver in the timeframe established by Local Rule, avoiding prejudice to other parties.

17. Here good cause to expedite consideration exists because (i) the funding that currently allows for the security and maintenance of the Collateral will expire on July 1, 2025, and (ii) due to the high cost of securing and maintaining the Collateral, delays in the process of appointing the receiver and beginning the process of liquidating the Collateral will be costly for any parties who may have claims against the Collateral as that Collateral deteriorates without necessary and expensive protection and maintenance.

4

18. Good cause also exists because the Bank has, prior to the filing of the Motion for Appointment, received feedback from both the College and the proposed receiver, to ensure that the proposed order is acceptable to both parties.

19. Additionally, as noted above, the proposed schedule allows any other parties to file their responsive papers (if any) by Rule and really only shortens the Bank's own time to file a reply.[2]

## EXPEDITED CONSIDERATION OF THIS MOTION

20. As this Motion allows any parties who wish to respond to the Motion for Appointment a normal period to file their responsive memoranda, the Bank requests that the Court consider this motion on an expedited basis.

WHEREFORE, Bank of America, N.A. requests that this honorable court enter the proposed order, attached hereto as **Exhibit B**, expediting consideration of the Motion for Receiver and setting a hearing on the Motion for Receiver no later than June 20, 2025.

Dated: May 30, 2025               Respectfully submitted,

                                  *s/Nancy A. Valentine*
                                  Amanda J. Martinsek (0058567)
                                  Nancy A. Valentine (0069503)
                                  Miller Canfield Paddock and Stone, P.L.C.
                                  1100 Superior Avenue East, Suite 1750
                                  Cleveland, Ohio 44114
                                  Phone: 216.716.5041/216.716.5040
                                  Email: martinsek@millercanfield.com
                                         valentine@millercanfield.com

                                  -and-

---

[2] Prior to the filing of this Motion, Plaintiff served the Motion for Receiver upon all Defendants on May 23, 2025, in addition to the State of Ohio Attorney General and Ohio Higher Educational Facility Commission (OHEFC). Subsequently, Plaintiff provided courtesy copies of the Motion for Receiver to counsel for each of the Defendants in this action on May 28 and 29, 2025.

5

                    Emily K. Devan (pro hac vice to be filed)
                    Linda V. Donhauser (pro hac vice to be filed)
                    MILES & STOCKBRIDGE P.C.
                    100 Light Street
                    Baltimore, Maryland 21202
                    (410) 385-3413 (ph)
                    edevan@milesstockbridge.com
                    ldonhauser@milesstockbridge.com

                    *Attorneys for Plaintiff, Bank of America, N.A.*

BOASAG2\002407\4919-2597-6903.v2
43939511.4/148413.00031

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of May, 2025, a copy of the foregoing Motion was served via first class mail, postage prepaid upon the following:

Ohio Higher Educational Facility Commission (OHEFC)
25 South Front Street
Columbus, OH 43215

Alexander Burlingame, Esquire
Squire Patton Boggs, LLP
1000 Key Tower
127 Public Square
Cleveland, OH 44114

U.S. Bank Trust Company, National Association
c/o David A. Schlabach, Vice President
U.S. Bank Global Corporate Trust
6000 Lombardo Center, 1st Floor
Cleveland, Ohio 44131

David Yost
Attorney General of Ohio
30 East Broad Street
Columbus, Ohio 43215

Ohio Attorney General's Office
Charitable Law Section
30 E. Broad St., 25th Floor
Columbus, OH 43215
Attn: Tracy Wendt, Esquire
Email: Tracy.Wendt@OhioAGO.gov

Colleen M. O'Neil, Esquire
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114-1607
Email: CONeil@Calfee.com

BOASAG2\002407\4919-2597-6903.v2
43939511.4/148413.00031

Joseph D. Carney, Esquire
1540 Peach Drive
Avon, Ohio 40118-0000
Email: jdc@jdcarney.com
Attorney for Defendants Corrigan,
Tisdale, and Barker

Cuyahoga County Treasurer
Brad Cromes
2079 East Ninth Street
Cleveland, OH  44115

The Notre Dame College
c/o Inglewood Associates LLC
9242 Headlands Road
Mentor, Ohio 44060
Attn: Sam Steinhouse

*s/ Nancy A. Valentine*
Nancy Valentine (0069503)
*One of the Attorneys for Plaintiff,*
*Bank of America, N.A.*

8