# Exhibit A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

New Case Electronically Filed: COMPLAINT
May 22, 2025 11:14

By: TRACY Q. WENDT 0069355

Confirmation Nbr. 3503496

| | |
|---|---|
| STATE EX REL. DAVE YOST OHIO ATTORNEY GENERAL | CV 25 118094 |
| vs. | |
| THE NOTRE DAME COLLEGE, ET AL. | Judge: BRIAN MOONEY |

**Pages Filed:** 17

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| DAVE YOST, | : | |
| OHIO ATTORNEY GENERAL | : | |
| Charitable Law Section | : | Case No. |
| 30 East Broad Street, 25th Floor | : | |
| Columbus, Ohio 43215, | : | Judge |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT OF OHIO ATTORNEY** |
| | : | **GENERAL DAVE YOST** |
| THE NOTRE DAME COLLEGE, | : | |
| c/o Statutory Agent, John Smetanka | : | |
| 4545 College Road | : | |
| South Euclid, OH 44121 | : | |
| | : | |
| TERRI BRADFORD EASON | : | |
| 1476 Sheffield Road | : | |
| South Euclid, OH 44121 | : | |
| | : | |
| JOHN SMETANKA, | : | |
| 809 Everview Lane | : | |
| Derry, PA 15627 | : | |
| | : | |
| RICH GARCIA, | : | |
| 2044 Random Road #405 | : | |
| Cleveland, OH 44106 | : | |
| | : | |
| JOHN GALOVIC, | : | |
| 5342 Lorrey Place | : | |
| Mentor, OH 44060 | : | |
| | : | |
| REV. CORY JENKINS | : | |
| 4692 Liberty Road | : | |
| South Euclid, OH 44121 | : | |
| | : | |
| J. MICHAEL PRESSIMONE | : | |
| 1000 Four Mile Road | : | |
| Allegheny NY 14706 | : | |

1

| | |
|---|---|
| MICHAEL CANTY,<br>35469 Quartermane Circle<br>Solon, OH 44139 | :<br>:<br>:<br>: |
| JOE RUDOLPH,<br>71357 Old Paddock Court<br>Niles, MI 49120 | :<br>:<br>:<br>: |
| JENNIFER MIKOVSKY-ALVAREZ,<br>4134 Canterbury Drive<br>Brunswick, OH 44212 | :<br>:<br>:<br>: |
| MAY WYKLE,<br>34552 Summerset Drive<br>Solon, OH 44139 | :<br>:<br>:<br>: |
| ELIZABETH FREY,<br>5421 Wetmore Road<br>Conneaut, OH 44030 | :<br>:<br>:<br>: |
| HEATHER SCHLEGEL,<br>4105 Ellison Road<br>Cleveland, OH 44121 | :<br>:<br>:<br>: |
| GINO SCIPIONE,<br>5426 Clarendon Drive<br>Solon, OH 44139 | :<br>:<br>:<br>: |
| FAREED SIDDIQ,<br>435 Berwick Circle<br>Aurora, OH 44202 | :<br>:<br>:<br>: |
| BANK OF AMERICA, N.A.,<br>c/o Statutory Agent, CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | :<br>:<br>:<br>:<br>: |
|       Defendants. | :<br>: |

      Plaintiff Ohio Attorney General Dave Yost, who is the duly elected, qualified and acting Attorney General of Ohio, hereby avers and alleges:

## I. INTRODUCTION

1. Plaintiff, State of Ohio, by and through the Attorney General of Ohio, Dave Yost (Attorney General"), having reasonable cause to believe that violations of Ohio's charitable laws have occurred, brings this action in the public interest and under the authority vested in the Attorney General by Revised Code 109.23 *et seq.* ("Ohio Charitable Trust Act"), Revised Code 1716.01 *et seq.* ("Ohio Charitable Organizations Act") and the Attorney General's common law authority to enforce charitable trusts.

2. This is an action for injunctive relief, equitable relief, statutory penalties and damages for Defendants' violations of the common law, the Ohio Charitable Trust Act, and Ohio Charitable Organizations Act.

## II. DEFENDANTS, JURISDICTION AND VENUE

### A. *Notre Dame College*

3. Defendant Notre Dame College ("The College") is an Ohio nonprofit corporation that was incorporated with the Ohio Secretary of State on or about March 30, 1923.

4. Defendant John J. Smetanka, Jr. ("Smetanka") is the statutory agent for the College.

5. The College applied for and received 501(c)(3) status from the Internal Revenue Service.

6. The College is a "charitable organization" as that term is defined in RC 1716.01(A) and a "charitable trust" as that term is defined in RC 109.23.

### B. *Terri Bradford Eason*

7. Defendant Terri Bradford Eason ("Eason"), served as the Chair for the College's board of trustees and at all times relevant owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

Electronically Filed 05/22/2025 11:14 / / CV 25 118094 / Confirmation Nbr. 3503496 / CLDLJ

8. Eason personally participated in the violations of law described in this Complaint, or through her actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### C. *John J. Smetanka, Jr.*

9. In addition to being the statutory agent, Defendant Smetanka also served as an Interim President and Provost of the College. At all times relevant, Smetanka owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

10. Smetanka personally participated in the violations of law described in this Complaint, or through his actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### D. *Rich Garcia*

11. Defendant Rich Garcia ("Garcia") serves as a member of the College's board of trustees and served on the board's executive committee. At all times Garcia owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

12. Garica personally participated in the violations of law described in this Complaint, or through his actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### E. *John Galovic*

13. Defendant John Galovic ("Galovic") served as an officer of the College. At all times relevant Galovic owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

4

14. Galovic personally participated in the violations of law described in this Complaint, or through his actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### F. *Reverend Cory Jenkins*

15. Defendant Reverend Cory Jenkins (Jenkins") serves as a member of the College's board of trustees and served on the board's executive committee. At all times relevant, Jenkins owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

16. Jenkins personally participated in the violations of law described in this Complaint, or through his actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### G. *J. Michael Pressimone*

17. Defendant, J. Michael Pressimone ("Pressimone") served as the President and as an officer of the College. At all times relevant Pressimone owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

18. Pressimone personally participated in the violations of law described in this Complaint, or through his actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### H. *Michael Canty*

19. Defendant, Michael Canty ("Canty") served as a member of the College's board of trustees and on the board's executive committee. At all times relevant, Canty owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

20. Canty personally participated in the violations of law described in this Complaint, or through his actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### I. *Joe Rudolph*

21. Defendant, Joe Rudolph ("Rudolph") served as a member of the College's board of trustees and on the board's executive committee. At all times relevant, Rudolph owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

22. Rudolph personally participated in the violations of law described in this Complaint, or through his actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### J. *Jennifer Mikovsky-Alvarez*

23. Defendant, Jennifer Mikovsky-Alvarez ("Alvarez") served as a member of the College's board of trustees and on the board's executive committee. At all times relevant, Rudolph owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

24. Alvarez personally participated in the violations of law described in this Complaint, or through her actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### K. *May Wykle*

25. Defendant, May Wykle ("Wykle") served as a member of the College's board of trustees and on the board's executive committee. At all times relevant, Wykle owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

Electronically Filed 05/22/2025 11:14 / / CV 25 118094 / Confirmation Nbr. 3503496 / CLDLJ

26. Wykle personally participated in the violations of law described in this Complaint, or through her actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### L. *Elizabeth Frey*

27. Defendant, Elizabeth Frey ("Frey") served as a member of the College's board of trustees and on the board's executive committee. At all times relevant, Frey owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

28. Frey personally participated in the violations of law described in this Complaint, or through her actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### M. *Heather Schlegel*

29. Defendant, Heather Schlegel ("Schlegel") served as a member of the College's board of trustees and on the board's executive committee. At all times relevant, Schlegel owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

30. Schlegel personally participated in the violations of law described in this Complaint, or through her actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### N. *Gino Scipione*

31. Defendant, Gino Scipione ("Scipione") served as the vice chair on the College's board of trustees and on the board's executive committee. At all times relevant, Scipione owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

7

32. Scipione personally participated in the violations of law described in this Complaint, or through his actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### O. *Fareed Siddiq*

33. Defendant, Fareed Siddiq ("Siddiq") served as a member of the College's board of trustees and on the board's executive committee. At all times relevant, Siddiq owed fiduciary duties to the College and the unknown beneficiaries of the College's Endowment Funds.

34. Siddiq personally participated in the violations of law described in this Complaint, or through his actions or inaction, authorized, directed, adopted, ratified, allowed or otherwise caused or permitted such violations to occur.

### P. *Bank of America, N.A.*

35. Defendant Bank of America, N.A. ("Bank of America") is a foreign for-profit corporation with its principal place of business located in Charlotte, North Carolina. Bank Of America is registered with the Ohio Secretary of State and may lawfully conduct business in Ohio.

36. Bank of America has been named a defendant because it has, or may claim, a security interest in the College's real property and/or the College's other assets. Further, Bank of America may have or claim a security interest in equipment and/or other property owned by the College.

### Q. *Jurisdiction and Venue*

37. This Court has subject matter jurisdiction in this case pursuant to 2305.01.

8

38. This Court may exercise personal jurisdiction over the Defendants in this case pursuant to R.C. 2307.382 because the acts and omissions alleged in this Complaint occurred in Ohio and/or because they involve or relate to the activities of an Ohio nonprofit corporation.

39. Venue is also proper in Cuyahoga County because the majority of the acts or omissions alleged in this Complaint occurred in Cuyahoga County.

### III. DEFENDANTS' ACTIVITIES GIVING RISE TO THIS COMPLAINT

#### A. *Overview of the College*

40. The College is a private Catholic institution of higher learning that was founded in 1922 by the Sisters of Notre Dame ("The Sisters") and subsequently incorporated in 1923. The College is located in South Euclid, Ohio.

41. At relevant times, the College solicited donations from the public.

42. The Sisters maintained their association and sponsorship of the College until a decision was reached by the Sisters to relinquish their sponsorship. The Sisters terminated their relationship with the College on June 30, 2023.

43. In the course of operating as this institution of higher learning, the College held and managed numerous endowment and scholarship funds ("Endowment Funds"). The Endowment Funds were donated and/or solicited from the public. Many of these Endowment Funds have donor restrictions in place, which limit the use of those funds for certain charitable purposes.

#### B. *Improper Use of Restricted Endowment Funds*

44. By 2023 the College had been experiencing financial difficulties, which were due to a number of factors including a decreased in enrollment.

45. Upon information and belief, the College's debt included approximately $16 million dollars owed to Bank of America.

46. Still in need of funds to meet financial obligations, the College's trustees and/or officers decided to explore the use of restricted endowment funds to satisfy the College's debts, including payments due to Bank of America.

47. Under R.C. 1715.55, restrictions on such funds may be modified, depending upon the amount and age of the fund, only upon prior written notice to the Attorney General or by order of a court in an action of which the Attorney General had notice.

48. However, the College, its officers and/or trustees did not contact the Attorney General's Office for a determination as to whether any of its donor restricted funds could be used outside of the restricted purposes.

49. On October 2, 2023, the College's full board of trustees held a meeting. During this meeting, Pressimone (who was the College's President at the time) made a motion to reclassify $1.2 million dollars from the restricted endowment and move those funds to a financial account for use outside of the donor restrictions. No officer or trustee seconded Pressimone's motion.

50. Thereafter on October 9, 2023, a meeting of the board's executive committee occurred by Zoom. Present for the meeting were: Eason, Galovic, Smetanka, Canty, Frey, Garcia, Jenkins, Rudolph and Schlegel. During the meeting, it was revealed that restricted Endowment Funds were being used to meet financial obligations outside of the donor restrictions. Smetanka advised the executive committee that $2.8 million dollars would need to be returned to the restricted Endowment Funds.

51. On December 4, 2023, a meeting of the executive committee occurred by Zoom. All board members were invited to attend. Present for the meeting were: Eason, Smetanka, Galovic, Canty, Garcia, Scipione, Rudolph, Alvarez, Jenkins and Wykle. At this meeting a motion was made by Scipione to utilize Endowment Funds for institutional aid. The Endowment Funds to

be utilized for institutional aid included restricted funds. There were no abstentions and there was not any opposition to the motion. As such, use of donor restricted funds outside of their charitable purposes was approved by the executive committee. Yet, the executive committee had been aware since at least October 9, 2023, that restricted funds had already been improperly reclassified and used.

52. Further, as of December 4, 2023, the College's officers and/or trustees had not contacted the Attorney General to seek or discuss a modification of the College's restricted endowment funds.

53. Nevertheless, as a result of the December 4, 2023, meeting the College's trustees and/or officers ratified the use of restricted endowment funds outside of donor restrictions. And, therefore, the College's trustees and/or officers breached their fiduciary duties and violated the law.

C. *Closing of the College*

54. Upon information and belief, the College had engaged Inglewood and Associates ("Inglewood") as advisors during 2023. Part of the tasks performed by Inglewood included an analysis of the College's ability to continue operations.

55. Upon information and belief, Inglewood recommended to the board that the College should pursue a wind down and teach out. This recommendation was made to the board before the end of December 2023.

56. By January 30, 2024, the College was in merger discussions with Cleveland State University. (See, https://www.insidehighered.com/news/quick-takes/2024/01/30/cleveland-state-notre-dame-college-partnership-talks). However, the discussions were not successful in completing the proposed merger.

57. Upon information and belief, an executive session of the College's board occurred on February 21, 2024. During this session, the board voted to wind down the College.

58. Then, before the end of February 2024, it was announced in the media that Notre Dame College would close following the end of its spring semester 2024. (See, https://www.cleveland.com/news/2024/02/notre-dame-college-to-close-after-spring-semester.html). The announcement advised that the College planned to close following its spring 2024 semester. And, in fact, following its spring 2024 commencement the College did close its doors and no longer offered classes to students.

59. Yet, despite the vote and the media release in February 2024, the College's board did not contact the Attorney General's Office concerning the College's closing or the restricted donor funds.

60. After the College closed, members of its board of trustees began to resign from their trustee positions. And by January 2025, only three trustees remained. Thes trustees were Garcia, Jenkins and Saddiq. However, upon information and belief, Jenkins was not attending board meetings or responding to communications. Thus, Jenkins was essentially inactive, and the board was operating with only two trustees.

61. By early May 2025, Saddiq reportedly resigned from the board. Leaving only Garcia as the sole active board member and the College without a functioning board of trustees.

D. **Status of the Restricted Endowment Funds**

62. Upon information and belief, approximately $2.1 million dollars from the College's restricted funds were improperly used outside of the purposes designated by the respective donors. Further, there has not been a detailed/itemized accounting of how these reclassified restricted funds were actually used by the trustees and/or officers.

63. Upon information and belief, the College continues to hold restricted Endowment Funds in its financial accounts. However, those restricted funds improperly used by the College's trustees and/or officers have not been repaid or replaced.

64. Further, the College's trustees and/or officers never proposed or offered a plan to the Attorney General's Office for the pay back and/or return of the improperly used Endowment Funds.

65. In consideration of potential creditor claims against the College and its assets, Plaintiff Attorney General has reason to believe that the College's restricted Endowment Funds will be further dissipated and misused to satisfy remaining debts owed to creditors. Further, the Attorney General is concerned that remaining assets of the College which could be used toward replacing the wrongly taken Endowment Funds will be used to satisfy other claims against the College.

IV. **ATTORNEY GENERAL'S CLAIMS**

**COUNT ONE: BREACH OF FIDUCIARY DUTIES, COMMON LAW**

66. Plaintiff Attorney General incorporates the preceding paragraphs of this Complaint as if fully rewritten herein.

67. The College was organized for charitable purposes. The College is a charitable trust as defined in R.C. 109.23.

68. Eason, Smetanka, Garcia, Galovic, Jenkins, Pressimone, Canty, Rudolph, Alvarez, Wykle, Frey, Schlegel, Scipione and Saddiq owed fiduciary duties to the charitable beneficiaries of the College, including the duty of care, the duty of loyalty, the duty to properly manage accounts and the duty to comply with the law, as well as other duties, including but not limited to, the duty not to waste charitable trust assets and to act in the best interest of the charity.

69. Eason, Smetanka, Garcia, Galovic, Jenkins, Pressimone, Canty, Rudolph, Alvarez, Wykle, Frey, Schlegel, Scipione and Saddiq breached their fiduciary duties by failing to look out for the best interests of the College and its charitable beneficiaries, through their inaction and failure to exercise proper oversight.

70. Eason, Smetanka, Garcia, Galovic, Jenkins, Pressimone, Canty, Rudolph, Alvarez, Wykle, Frey, Schlegel, Scipione and Saddiq breached their fiduciary duties to preserve charitable trust property of the College for its intended charitable purpose and to manage and maintain charitable trust property for the benefit of the charitable beneficiaries.

71. Eason, Smetanka, Garcia, Galovic, Jenkins, Pressimone, Canty, Rudolph, Alvarez, Wykle, Frey, Schlegel, Scipione and Saddiq breached their fiduciary duties by allocating and using the College's restricted Endowment Funds outside of the donors' intended charitable purposes.

72. Eason, Smetanka, Garcia, Galovic, Jenkins, Pressimone, Canty, Rudolph, Alvarez, Wykle, Frey, Schlegel, Scipione and Saddiq breached their fiduciary duties as alleged in this Complaint directly and proximately and caused a waste and/or misuse of charitable assets to the detriment of the charitable beneficiaries in an amount not yet known, but more than $25,000.00.

73. Eason, Smetanka, Garcia, Galovic, Jenkins, Pressimone, Canty, Rudolph, Alvarez, Wykle, Frey, Schlegel, Scipione and Saddiq are jointly and severally liable for the charitable funds that have been wrongfully dissipated and diverted from their intended charitable purposes.

## COUNT TWO: BREACH OF FIDUCIARY DUTIES, STATUTORY

74. Plaintiff Attorney General incorporates the preceding paragraphs of this Complaint as if fully rewritten herein.

75. R.C. 1716.17 provides: "Every person who solicits, collects expends contributions on behalf of a charitable organization or for a charitable purpose or who conducts a charitable sales

14

promotion, and every officer, director, trustee, or employee of that person who is concerned with solicitation, collection or expenditure of those contributions shall be considered a fiduciary and as acting in a fiduciary capacity."

76. The duty under 1716.17 requires fiduciaries to perform their duties in good faith, in a manner reasonably believed to be in or not opposed to the best interests of the organization, and with the care that an ordinary prudent person in a like position would use under similar circumstances.

77. R.C. 1716.14(A)(13) provides that it is unlawful to operate "in violation of, or fail[] to comply with, any of the requirements" in R.C. Chapter 1716.

78. Eason, Smetanka, Garcia, Galovic, Jenkins, Pressimone, Canty, Rudolph, Alvarez, Wykle, Frey, Schlegel, Scipione and Saddiq solicited, collected and/or expended contributions and/or donations on behalf of a charitable organization or for a charitable purpose as fiduciaries acting in a fiduciary capacity.

79. Eason, Smetanka, Garcia, Galovic, Jenkins, Pressimone, Canty, Rudolph, Alvarez, Wykle, Frey, Schlegel, Scipione and Saddiq by their actions and/or inaction as alleged in this Complaint breached their fiduciary duties in violation of R.C. 1716.17 and/or 1716.14(A)(13).

### COUNT THREE: VIOLATIONS OF R.C. 1715.55

80. Plaintiff Attorney General incorporates the preceding paragraphs of this Complaint as if fully rewritten herein.

81. R.C. 1715.55 *et seq.* provides that restrictions contained in a gift instrument can only be released or modified by obtaining donor consent or with notice to the Attorney General, or by court order.

15

82.     Eason, Smetanka, Garcia, Galovic, Jenkins, Pressimone, Canty, Rudolph, Alvarez, Wykle, Frey, Schlegel, Scipione and Saddiq unilaterally approved the release and/or modification Endowment Fund restrictions without donor consent, notice to the Attorney General or a court order.

83.     Eason, Smetanka, Garcia, Galovic, Jenkins, Pressimone, Canty, Rudolph, Alvarez, Wykle, Frey, Schlegel, Scipione and Saddiq by their actions and/or inaction as alleged in this Complaint violated the provisions of R.C. 1715.55(A), 1715.55(C) and/or 1715.55(D).

## **PRAYER FOR RELIEF**

**WHEREFORE,** pursuant to his statutory and common law authority, Plaintiff Attorney General respectfully requests this Court grant the following relief:

A. Order Notre Dame College, Eason, Smetanka, Garcia, Galovic, Jenkins, Pressimone, Canty, Rudolph, Alvarez, Wykle, Frey, Schlegel, Scipione and Saddiq, jointly and/or separately, to provide an accounting of the restricted Endowment Funds currently held by Notre Dame College and to provide an accounting of restricted Endowment Funds reclassified and expended by or for Notre Dame College;

B. Impose a constructive trust over all remaining assets held by Notre Dame in the amount of the wrongly reclassified and expended restricted Endowment Funds;

C. Order all funds held in constructive trust and restricted Endowment Funds be disbursed to the Attorney General to redistribute for charitable purposes in manner the Attorney General deems to be most consistent with the restricted endowment terms;

D. Appoint a receiver in accordance with R.C. 2735.01 to take possession and control of Notre Dame's assets, and with the authority to take any steps the receiver deems

proper and necessary to ensure that those assets are devoted to an appropriate, charitable use;

E. Order Notre Dame, Eason, Smetanka, Garcia, Galovic, Jenkins, Pressimone, Canty, Rudolph, Alvarez, Wykle, Frey, Schlegel, Scipione and Saddiq, jointly and severally, to pay restitution in an amount necessary to fully restore the funds misused from the restricted Endowment Funds; and,

F. Grant Plaintiff Attorney General all other relief as the Court deems proper and necessary.

>Very respectfully submitted,
>
>DAVE YOST
>ATTORNEY GENERAL OF OHIO
>
>/s/ Tracy Q. Wendt
>_____
>Tracy Q. Wendt (0069355)
>Assistant Attorney General
>Ohio Attorney General's Office
>Charitable Law Section
>30 E. Broad St., 25th Floor
>Columbus, OH 43215
>Tel.: (614) 779-0154
>Facsimile: (866) 470-6470
>Tracy.Wendt@OhioAGO.gov
>*Counsel for Plaintiff Ohio Attorney General*