**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. , | ) | Case No. 1:25-cv-01061 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **Judge Charles Esque Fleming** |
| v. | ) | |
| | ) | **Magistrate Jonathan D. Greenberg** |
| THE NOTRE DAME COLLEGE, | ) | |
| PETER J. CORRIGAN, | ) | DEFENDANTS CORRIGAN, |
| JUSTIN TISDALE, | ) | TISDALE, AND BARKER'S |
| LEN BAKER, AND | ) | ANSWER TO COMPLAINT |
| COUNTY TREASURER | ) | |
| | ) | |
| Defendants. | ) | |

For the Answer to the Complaint of the Bank of America, NA ("Plaintiff" or "Bank")
against The Notre Dame College ("NDC" or "College") et al. to Plaintiff 's Complaint, Defendants
Peter J. Corrigan, Justin Tisdale, and Len Baker ("Answering Defendants"), respond as follows:

**Nature of Action**

1.      In response to paragraph 1 of the Complaint, Answering Defendants deny the
allegations set forth in paragraph 1 of the Complaint for want of knowledge or information
sufficient to form a belief as to the truth of the same.

**The Parties**

2.      In response to paragraph 2 of the Complaint, Answering Defendants admit that
Plaintiff, Bank of America, N.A., is a national banking association headquartered with its
principal place of business in North Carolina.

3.      In response to paragraph 3 of the Complaint, Answering Defendants admit that Defendant, The Notre Dame College, is a nonprofit corporation organized over one hundred years ago and with its principal place of business in Ohio.

4.      In response to paragraph 4 of the Complaint, Answering Defendants deny the allegations set forth in paragraph 4 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth of the same.

5.      In response to paragraph 5 of the Complaint, Answering Defendants admit that Answering Defendants Corrigan, Tisdale and Barker are plaintiffs in a lawsuit in the Court of Common Pleas, Geauga County, Case No. 2024-M-0857 (the "Geauga State Court Case"). In further response to paragraph 5 of the Complaint, Answering Defendants state that Defendants' Motions for Judgment on the Pleadings in the Geauga State Court Case was granted on June 23, 2025. Answering Defendants have filed a Notice of Appeal in that case, and the case is now on appeal Eleventh District Court of Appeals, Case No. 2025-G-0027 .

6.      In response to paragraph 6 of the Complaint, Answering Defendants admit that Answering Defendants Corrigan, Tisdale and Barker are also appellants in an appeal that was pending in the Eight District Court of Appeals, Case No. CA-24-114682, which is an appeal of the dismissal of a lawsuit that was filed in the Court of Common Pleas, Cuyahoga County, Case No. CV-24-995727 (the "Cuyahoga State Court Case"), the appeal has been dismissed for lack of a final judgment which means the Court of Appeals determined the original Cuyahoga State Court Case remains pending in part.

**Jurisdiction and Venue**

7.      In response to paragraph 7 of the Complaint, Answering Defendants deny the allegations set forth in paragraph 7 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth of the same.

8.      In response to paragraph 8 of the Complaint, Answering Defendants deny the allegations set forth in paragraph 8 of the Complaint for want of knowledge or information sufficient to form a belief as to the truth of the same.

9.      In response to paragraph 9 of the Complaint, Answering Defendants admit that the Treasurer is a local governmental entity located in Cuyahoga County, State of Ohio.

10.      In response to paragraph 10 of the Complaint, Answering Defendants admit that Answering Defendants Corrigan, Tisdale and Barker are residents of Ohio.

11.      In response to paragraph 11 of the Complaint, Answering Defendants admit that the Bank is a national banking association with its main headquarters in North Carolina. Answering Defendants lack knowledge of whether the Bank is a resident of North Carolina for diversity purposes.

**Factual Background**

**A.  The Bond Financing & Transaction Documents**

12.      In response to paragraph 12 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

13.     In response to paragraph 13 of the Complaint, Answering Defendants admit that Exhibit A to the Complaint is alleged to be a copy of *Bonds* purchased by the Bank, which document speaks for itself.

14.     In response to paragraph 14 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

15.     In response to paragraph 15 of the Complaint, Answering Defendants admit that Exhibit B is a *Direct Purchase Agreement* dated August 21, 2008, which document speaks for itself, and deny the remainder of the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

16.     In response to paragraph 16 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

17.     In response to paragraph 17 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

18.     In response to paragraph 18 of the Complaint, Answering Defendants admit that Exhibit C to the Complaint is a copy of an *Assignment*, which document speaks for itself, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

19.     In response to paragraph 19 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

20.     In response to paragraph 20 of the Complaint, Answering Defendants admit that Exhibit D to the Complaint is a *Security Agreement* dated August 1, 2008, which document speaks for itself, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

21.     In response to paragraph 21 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

22.     In response to paragraph 22 of the Complaint, Answering Defendants admit that Exhibit E to the Complaint is a *UCC financing statement*, which document speaks for itself, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

23.     In response to paragraph 22 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

**B.  The SWAP Transaction**

24.     In response to paragraph 24 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

25.     In response to paragraph 25 of the Complaint, Answering Defendants admit that Exhibit F to the Complaint is a *SWAP Termination Notice*, which document speaks for itself, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

### C.  **Mortgages**

26.    In response to paragraph 26 of the Complaint, Answering Defendants admit that Exhibit G to the Complaint is an *Open-End Mortgage (Leasehold), Assignment of Leases and Rents and Fixture Filing* dated August 1, 2008; Exhibit H to the Complaint is an *Open-End Mortgage, Assignment of Rents, Security Agreement and Fixture Filing* dated February 28, 2017; and Exhibit I to the Complaint is an *Open-End Mortgage, Assignment of Rents, Security Agreement and Fixture Filing* dated February 28, 2017, all of which documents speaks for themselves. Answering Defendants deny the remaining allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

27.    In response to paragraph 27 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

### D.  **Default and Winddown**

28.    In response to paragraph 28 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

29.    In response to paragraph 29 of the Complaint, Answering Defendants admit that Exhibit J to the Complaint is a *Press Release* the Board of Trustees of the College issued on or about February 29, 2024, announcing that the College would conclude its in person academic instruction at the end of the Spring Semester 2024, which document speaks for itself.

30.     In response to paragraph 30 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

31.     In response to paragraph 31 of the Complaint, Answering Defendants admit that Exhibit K to the Complaint is a *Liquidation and Funding Agreement* dated June 30, 2024, which document speaks for itself, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

32.     In response to paragraph 32 of the Complaint, Answering Defendants admit that Exhibit L to the Complaint is a *Security Agreement* dated June 28, 2024, which document speaks for itself, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

33.     In response to paragraph 33 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

34.     In response to paragraph 34 of the Complaint, Answering Defendants admit that Exhibit M to the Complaint is a *UCC-1 filing* with the Ohio Secretary of State dated July 1, 2024, which document speaks for itself.

35.     In response to paragraph 35 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

36.     In response to paragraph 36 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

37.     In response to paragraph 37 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

38.     In response to paragraph 38 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

39.     In response to paragraph 39 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

40.     In response to paragraph 40 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

41.     In response to paragraph 41 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

42.     In response to paragraph 42 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

43.     In response to paragraph 43 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

44.     In response to paragraph 44 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

45.     In response to paragraph 45 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

### E.  The State Court Cases

46.     In response to paragraph 46 of the Complaint, Answering Defendants admit that the Cuyahoga State Court Case does not name the College or the Bank as defendants. Answering Defendants admit that judgment on the pleadings was granted on November 22, 2024, but deny that the that the State Court determined in its order that the State Court Plaintiffs lacked standing to bring their claims. Answering Defendants state that the Appeal was dismissed for lack of final judgment and that the Common Pleas portion of the State Court case therefore remains pending. No part of the Order by the Appellate Court addressed any issue of standing.

47.     In response to paragraph 47 of the Complaint, Answering Defendants admit that the Geauga State Court Case does not name the College or the Bank as defendants. Answering Defendants admit that the Geauga State Court Case, in part, sought various forms of relief in the Complaint, which document speaks for itself. Answering Defendants state that other relief and claims were made in the Geauga State Court case, a copy of which is available publicly on the Geauga County Court of Common Pleas website.

48.     In response to paragraph 48 of the Complaint, Answering Defendants admit that Exhibit N to the Complaint is a copy of a *Motion for Judgment on the Pleadings* filed by six of the defendants in the Geauga State Court Case. Judgment on the Pleadings in the Geauga State Court Case was granted on June 23, 2025, and Answering Defendants appealed the decision on July 23, 2025. A briefing schedule has been ordered in the appeal which appeal is Eleventh District Court of Appeals Case 2025-G-0027, which remains pending. Answering Defendants deny that their claims are barred by the doctrine of res judicata and further deny that they lack standing to bring the claims.

49.     In response to paragraph 49 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

50.     In response to paragraph 50 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

## F.  Authority to Appoint Receiver

51.     In response to paragraph 51 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof. Answering Defendants deny that the Plaintiff is entitled to obtain a Receiver and request the Court to defer until there is a decision of the Cuyahoga County Court of Common Pleas in the Action brought by the Ohio Attorney General entitled *Dave Yost, Ohio Attorney General, Charitable Law Section, Plaintiff vs The Notre Dame College, et al*, CV 25

118094, wherein the Plaintiff (who is a party defendant in that case) may also seek relief from the Receiver sought by the Ohio Attorney General in that case.

52.     In response to paragraph 52 of the Complaint, Answering Defendants admit that Exhibit O to the Complaint is a *Covenant Agreement*, which document speaks for itself, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

53.     In response to paragraph 53 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

54.     In response to paragraph 54 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

## COUNT I
### (Breach of Contract)

55.     In response to paragraph 55 of the Complaint, Answering Defendants incorporate their prior responses to the preceding paragraphs as if fully set forth herein.

56.     In response to paragraph 56 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

57.     In response to paragraph 57 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

58.     In response to paragraph 58 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

59.     In response to paragraph 59 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

60.     In response to paragraph 60 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

## COUNT II
### (Foreclosure of Mortgages and Security Interest)

61.     In response to paragraph 61 of the Complaint, Answering Defendants incorporate their prior responses to the preceding paragraphs as if fully set forth herein.

62.     In response to paragraph 62 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

63.     In response to paragraph 63 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

64.     In response to paragraph 64 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

65.     In response to paragraph 65 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

66.     In response to paragraph 66 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

67.     In response to paragraph 67 of the Complaint, Answering Defendants state that O.R.C. §1309.604 speaks for itself.

## CLAIM III
### (Assignment of Rents)

68.     In response to paragraph 68 of the Complaint, Answering Defendants incorporate their prior responses to the preceding paragraphs as if fully set forth herein.

69.     In response to paragraph 69 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

70.     In response to paragraph 70 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

## COUNT IV
### (Appointment of Receiver)

71.     In response to paragraph 71 of the Complaint, Answering Defendants incorporate their prior responses to the preceding paragraphs as if fully set forth herein.

72.     In response to paragraph 72 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

73.     In response to paragraph 73 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

74.     In response to paragraph 74 of the Complaint, Answering Defendants deny the allegations for want of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

75.     Answering Defendants aver that they support the Motion of the Ohio Attorney General to Stay and the discussion in pleading against the Bank's Motion that this Honorable Court appoint a receiver, as the Bank could seek a Receiver in the Ohio Attorney General's case.

The remaining paragraphs of the Complaint, beginning with Plaintiff's "WHEREFORE" clause, constitute Plaintiff's prayer for relief to which the Answering Defendants deny that Plaintiff is entitled to the reliefs requested.

## AFFIRMATIVE DEFENSES

Without assuming any burden that Answering Defendants otherwise would not bear and reserving the right to assert additional defenses as those defenses become known during discovery, Answering Defendants assert the following separate and additional defenses. Any allegations within the Affirmative Defenses are made as to Answering Defendants based on

personal knowledge but as to other parties, documents or events are based on information and belief:

## **AFFIRMATIVE DEFENSES**

1.     The defenses in each numbered defense are incorporated by reference to the extent necessary in any other affirmative defense.

2.     Plaintiff is barred from any relief herein as its Complaint fails to state a claim upon which relief may be granted.

3.     Plaintiff's documents are flawed due to failure to obtain the approval of the Sisters of Notre Dame, and the documents submitted to the Higher Learning Commission, or acted upon by the governmental entities, did not consider or disclose the failure to obtain the authority of the Sisters of Notre Dame for the bond offering, security or other related matters. Due to the omission of this necessary action by the Sisters of Notre Dame with the original issuance, the original documents were thus flawed, creating an issue of whether the original bond documents, original or as reissued or amended, are valid, binding, and enforceable. The implications of this are not fully known but are germane to this litigation.

4.     The Plaintiff has alleged that the Bonds were reissued in 2017. See Paragraph 13 of Complaint. Plaintiff provides no details nor the reasons for the reissuance of the Bonds in 2017. Plaintiff did not allege the scope of the 2017 reissuance of the Bonds nor did Plaintiff state any other documents related to the transaction were reissued, amended or affected by the 2017 reissuance, nor the reasons. Plaintiff did not allege the scope of the type, name, and number of created, revised, or substituted documents that were used to seek to address the deficiencies in the original documents. Plaintiff did not allege whether they and/or the College informed the Higher Learning Commission of the flawed nature or other issues in the original documents.

15

Plaintiff did not allege that either the Bank, the College, or both obtained the approval of the Higher Learning Commission for the 2017 reissuance of the Bonds. Plaintiff has not alleged that it obtained the requisite governmental approvals related to tax exempt bond reissuances for the issuance of any revised documents, including the alleged reissued Bonds in Paragraph 13 of the Complaint. These flaws bar enforcement of the Plaintiff's documents.

5.      Plaintiff is barred from relief herein due to its own breaches of express and implied warranties, and the duties of national banks when managing these transactions and foreclosures of the transactions alleged in the Complaint.

6.      Plaintiff's handling of the loan, having it in special assets for years and years, resulted in lack of review it would have had by ordinary auditors and other internal examiners of the Bank. The failure to do so would have discovered other flaws, such as the tieing of the swap.

7.      Plaintiff is barred from relief herein due to its own unclean hands.

8.      Plaintiff is barred from relief herein on the grounds of estoppel and laches.

9.      Plaintiff's claims are barred by the doctrines of license, waiver and consent.

10.     Plaintiff 's claims are barred by R.C. § 1335.05, the Statute of Frauds.

11.     Plaintiff 's claims are barred by its own conduct.

12.     Plaintiff's claims are barred by the conduct of Defendant The  Notre Dame College.

13.     Plaintiff's claims are barred by the combined conduct of Plaintiff and Defendant The Notre Dame College.

14.     The Bank required a swap transaction in connection with the issuance of the Bonds and the making of the loan represented by the purchase of the Bonds. The swap transaction was tied to the Bonds purchase, was improper as a tying arrangement and under other

theories. Liabilities of the College for the swap should be unenforceable under this or other affirmative defenses because of the tying arrangement. The swap materially increased profits to the Bank over what a normal purchaser of tax-exempt college facilities style bonds would have earned in the sale, and materially increased the implied interest rate, materially reduced the progress of the College in paying off the bonds, and were part of a larger strategy of the Plaintiff, which damaged the College.

15.     The College should be protected from the claims of Plaintiffs up and including a complete affirmative defense to the Bank's claims based on the tying arrangement, based on the Bank taking advantage of a small private religious institution, which entity is over 103 years old.

16.     When the College announced its closure, Benefactors of the College who had supported the College for decades were rightfully shocked but sought to take action to keep the College open. The Benefactors sought an opportunity to negotiate with the Bank to compromise the College's obligations or seek other structures to resolve the issues that would allow the College to remain open and as a going concern or reopen. The efforts of the Benefactors to negotiate and/or to settle the debts of the College with the Bank were refused, the efforts of the Answering Defendants to assist in this by working to have the conversations which would be part of the negotiations were, in essence, refused by the Bank, and the College. The actions and inactions of the College were surprising as it did not appear to want to preserve its existence, nor avail itself of the interest of the Benefactors. The College took repeated action to terminate its existence. This was and is contrary to its Articles of Incorporation. The Answering Defendants sought remedy by filing the first of the State Court Cases which was filed in the Cuyahoga County Court of Common Pleas, and by filing the second of the State Court Cases which was filed in Geauga County Court of Common Pleas. Answering Defendants were entitled to bring

such litigation and have standing to bring litigation for the proper purpose of trying to protect a 100-year-old institution from termination as, among other things and among other legal basis, they have special interest status. <u>Depu vs Yahoo</u> 950 F. 3d 897 (2020); <u>Depu vs Oath Holdings, Inc</u>. 715 F. Supp 3rd 1 (2022). Jurisprudence on special interest standing is an expanding area. Answering Defendants (1) brought actions which challenge extraordinary developments which threaten the existence of the charitable trust which is The Notre Dame College, as it is an Ohio non-profit corporation over 100 years old, and is an IRS 501 (c)(3) charity, and the extraordinary developments threaten the very existence of charitable trust, (as shown by the bringing of this action by Plaintiff); Answering Defendants had sought to work with the Bank to work out and resolve the obligations of the College, and were not merely actions challenging ordinary exercises of discretion by the trustees, (2) Answering Defendants belong to a class of actual and potential beneficiaries of the charitable trust that is sharply defined and limited in number; (3) Answering Defendants have a clear interest in outcomes in the litigations and (4) Answering Defendants were each injured by the series of extraordinary developments, the facts of which are only now partially coming to light. These facts should constitute an estoppel of the Bank from its claims and requested remedies, demonstrate unclean hands, and result in the Bank having lack of equity to seek equitable and legal claims.

17.     The Answering Defendants, or some of them, had suspicion of the invasions of the restricted endowment trusts and so alleged in their pleadings in the State Court Cases. The last two active Trustees of the College at a point in time, disclosed to the Answering Defendants or one or more of them, that the Trustees believed that up to $4,000,000 of invasions of the restricted endowment trusts may have occurred. The Ohio Attorney General has filed a

complaint and an amended complaint in the Cuyahoga County Court of Common Pleas alleging facts, issues and matters about the invasions of the restricted endowments trusts.

18.     Answering Defendants have insufficient knowledge or information upon which to form a basis as to whether they may have additional, yet unknown, separate defenses, counterclaims, cross claims, third party claims or other claims available to them.

19.     Answering Defendants reserve the right to amend this Answer and Affirmative Defenses to add, supplement or modify defenses, bring counterclaims, cross claims or bring third party claims or other claims based upon facts or legal theories that may be or will be divulged through decisions of the Court, through discovery or through further factual or legal analysis of plaintiffs' or other parties allegations, contentions, and positions in this litigation; via clarification disclosed in litigation in the Ohio Attorney General's case, or litigation discovery by the Ohio Attorney General and potentially by discovery in this case at a later date, as at present the Answering Defendants support the Motion of the Ohio Attorney General to stay this case, and also support any motion or pleading of the Ohio Attorney General to oppose any Receiver in this Case, as the Ohio Attorney General has sought a Receiver in its case.

20.     Certain of the claims and allegations of the Bank of America are too difficult to ascertain or are speculative.

## PRAYER FOR RELIEF

Answering Defendants Peter J. Corrigan, Justin Tisdale, and Len Barker pray for the following reliefs: that Plaintiffs' Complaint be dismissed with prejudice, that the Court find that Plaintiff is not entitled to any judgment or relief, that the Court enter judgment, as it determines,

in favor of the Answering Defendants right to have litigated in state courts, and that the Court award Answering Defendants attorneys' fees, costs, and expenses, pre-judgment interest, and such further relief as the Court deems just and proper.

Respectfully,

/s/ Joseph D. Carney
Joseph D. Carney, Esq. (0010886)
Joseph D. Carney & Associates, LLC
159 Crocker Park Blvd Suite 400
Westlake, Ohio 44145

Mailing Address:
1540 Peach Drive
Avon, Ohio 44011

440.249.0860
Cell: 440.289.5161
jdc@jdcarney.com
cc: admin2@jdcarney.com

*Counsel for Answering Defendants Peter J. Corrigan, Justin Tisdale, and Len Barker*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing will be sent by the Court's electronic delivery system to all parties of record including the Plaintiff, or I will service such by regular US Mail, by email, by process server or any other means permitted by the rules of the Court to all parties of record on the date of filing.

/s/ Joseph D. Carney
Joseph D. Carney, Esq. (0010886)
*Attorney for Defendants – Corrigan, Tisdale and Baker*