**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | CASE NO. 1:25-cv-1061 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| NOTRE DAME COLLEGE, | ) | |
| | ) | |
| Defendants, *et al.* | ) | |
| | ) | |

**ORDER GRANTING RECEIVER'S MOTION FOR ENTRY OF AN ORDER
(A) AMENDING THE ORDER APPOINTING RECEIVER TO APPROVE
PROCEDURES FOR THE SALE OF PERSONAL PROPERTY OWNED BY THE
NOTRE DAME COLLEGE FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES AND INTERESTS; (B) APPROVING A PROTOCOL FOR THE
DONATION AND/OR ABANDONMENT OF PERSONAL PROPERTY FREE AND
CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; AND
(C) GRANTING RELATED RELIEF**

Before the Court is the motion (ECF No. 76) (the "Motion")[1] filed by David M. Baker, the

Court-appointed Receiver (the "Receiver") of certain property of Defendant The Notre Dame

College (the "College"), by and through counsel, pursuant to the Order Appointing Aurora

Management Partners and David Baker as Receiver for Certain Property of the Notre Dame

College (ECF No. 53) entered on November 5, 2025 (the "Order Appointing Receiver"), for entry

of an order: (a) amending the Order Appointing Receiver to approve procedures for the sale of

personal property owned by the College (collectively, "Personal Property"), free and clear of lien,

claims, encumbrances and interests, as determined in the reasonable business judgement of the

Receiver and with the prior written consent and approval of Plaintiff, Bank of America, N.A.

("Bank of America"); (b) approving a protocol for the donation or abandonment of Personal

---

[1] Capitalized terms used but not defined in this Order shall have the meanings ascribed in the Motion and/or the Order Appointing Receiver.

1

Property owned by the College that either is not sold or that the Receiver determines, in his business judgment and with the prior written consent and approval of Bank of America, to be burdensome or of inconsequential value to the Receivership Estate, free and clear of lien, claims, encumbrances and interests; and (c) granting related relief.

The Court hereby finds that:[2] (a) it has jurisdiction over the Personal Property and the parties in this case, including exclusive jurisdiction over the administration, control, and possession of the College's Personal Property; (b) it has the statutory authority to enter this Order; and (c) due and proper notice of the relief requested in the Motion and the entry of this Order was given and no other or further notice is necessary.

The Court further finds that:

A.      The Receiver has demonstrated good, sufficient, and sound business purpose and justifications for entry of this Order, and that relief requested in the Motion and the procedures and protocols set forth therein are an appropriate exercise of the Receiver's business judgment, are in the best interest of the Receivership Estate, and are the best available method for maximizing the value of the Personal Property owned by the College.

B.      Due, sufficient, and adequate notice of the relief granted herein has been given to all parties in interest.

Accordingly, it is hereby:

**ORDERED** that all objections to the Motion and entry of the procedures and protocols set forth therein, if any, are hereby overruled, the Motion is granted and the Order Appointing Receiver is amended in accordance with this Order.

---

[2] The findings and conclusion set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure. To the extent a finding of fact constitutes a conclusion of law, or a conclusion of law a finding of fact, they are adopted as such. The Court's finding and conclusions set forth at on the record at the Hearing, if any, are incorporated herein by reference.

**IT IS FURTHER ORDERED** that the Receiver is authorized, with the prior written consent of Plaintiff, to sell the Personal Property in accordance with the procedures and terms set forth in Paragraph 19(A) of the Motion.

**IT IS FURTHER ORDERED** that the Receiver is authorized to abandon or donate the Personal Property, with the prior written consent of Plaintiff, and in accordance with the procedures and terms set forth in Paragraph 19(B) of the Motion.

**IT IS FURTHER ORDERED** that the form of Personal Property Sale Notice attached to the Motion as **Exhibit C** and the form of Personal Property Abandonment or Donation Notice attached to the Motion as **Exhibit D**, which are fully incorporated herein by reference, are hereby approved in all respects.

**IT FURTHER ORDERED** that this Motion constitutes good and sufficient notice of the sale of Personal Property to the Defendants, the Bond Trustee, the Commission, and any holder of a lien, claim, encumbrance and/or interest in or against the Personal Property under Paragraph I of the Order Appointing Receiver, and the twenty (20) day advance notice of the sale of Personal Property under Paragraph J of the Order Appointing Receiver.

**IT IS FURTHER ORDERED** that the net proceeds of the sale of Personal Property, after payment of approved fees of Auction Management Corporation and Pamela Rose Auction Company, LLC, shall be deposited in the Receiver's bank account at Bank of America, N.A.

**IT IS FURTHER ORDERED** that the Receiver is authorized and empowered to take such steps, expend such sums, and do such other things as may be necessary to implement and effectuate the terms and requirements established and relief granted in this Order.

**IT IS FURTHER ORDERED** that this Court shall retain exclusive jurisdiction over any disputes arising from or related to the implementation or interpretation of this Order.

Date: April 2, 2026

CHARLES E. FLEMING
U.S. DISTRICT COURT JUDGE

4