**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | ) | CASE NO. 1:25-cv-1061 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| NOTRE DAME COLLEGE, | ) | |
| | ) | |
| Defendants, *et al.* | ) | |
| | ) | |

**ORDER (A) APPROVING AND CONFIRMING THE RECEIVER'S PRIVATE SALE OF RESIDENTIAL REAL PROPERTY LOCATED AT 1899 LAWNWAY ROAD IN SOUTH EUCLID, OHIO OWNED BY THE NOTRE DAME COLLEGE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) APPROVING PAYMENT OF FEES AND EXPENSES; AND (C) GRANTING RELATED RELIEF**

Before the Court is the motion (ECF No. 81) (the "Motion")[1] filed by David M. Baker, the Court-appointed Receiver (the "Receiver") of certain property of Defendant The Notre Dame College (the "College"), by and through counsel, pursuant to the Order Appointing Aurora Management Partners and David Baker as Receiver for Certain Property of the Notre Dame College (ECF No. 53) entered on November 5, 2025 (the "Order Appointing Receiver"), for entry of an order: (a) approving the private sale of the residential real property owned by the College located at 1899 Lawnway Road, South Euclid, Ohio 44121 - Permanent Parcel Number 703-17-017 (the "1899 Lawnway Road Property"), free and clear of all liens, claims, encumbrances and interests; (b) approving and authorizing the Receiver to pay, without further order of the Court, all sale-related fees, costs and expenses, including, without limitation, any amounts owing to Kiefer

---

[1] Capitalized terms used but not defined in this Order shall have the meanings ascribed in the Motion and/or the Order Appointing Receiver.

1

Real Estate Group ("Kiefer"), the Receiver's real estate broker for the sale of the 1899 Lawnway Road Property; and (c) granting related relief.

The Court hereby finds that:[2] (a) it has jurisdiction over the 1899 Lawnway Road Property and the parties in this case, including exclusive jurisdiction over the administration, control, and possession of the College's Residential Real Properties; (b) it has the statutory authority to enter this Order; and (c) due and proper notice of the relief requested in the Motion and the entry of this Order was given and no other or further notice is necessary.

The Court further finds that:

A.        The Receiver has demonstrated good, sufficient, and sound business purposes and justifications for entry of this Order, and that relief requested in the Motion and the closing of the proposed sale of the 1899 Lawnway Road Property is an appropriate exercise of the Receiver's business judgment, is in the best interest of the Receivership Estate, and is the best available method for maximizing the value of the 1899 Lawnway Road Property owned by the College.

B.        Due, sufficient, and adequate notice of the relief granted herein has been given to all parties in interest.

Accordingly, it is hereby **ORDERED** that:

1.      All objections to the Motion, if any, are hereby overruled and the Motion is granted.

2.      The sale of the 1899 Lawnway Road Property identified in the Motion under the terms of the applicable Purchase Agreement is approved.

3.      The 1899 Lawnway Road Property is sold free and clear of all liens, claims, encumbrances, and interests. Any liens that were attached to the 1899 Lawnway Road Property shall attach to the proceeds of the sale of such property in the same priority that existed immediately prior to the sale.

---

[2] The findings and conclusion set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure. To the extent a finding of fact constitutes a conclusion of law, or a conclusion of law a finding of fact, they are adopted as such. The Court's findings and conclusions set forth on the record at the Hearing, if any, are incorporated herein by reference.

4.      The sale of the 1899 Lawnway Road Property is confirmed by this Court immediately upon closing.

5.      The Receiver is authorized to pay all sale-related fees, costs and expenses, including, without limitation, any amounts owing to Kiefer, the Receiver's real estate broker for the sale of the 1899 Lawnway Road Property (collectively, the "Net Proceeds").

6.      The Net Proceeds of the sale of the 1899 Lawnway Road Property, after payment of all sale-related fees, costs and expenses, including, without limitation, any amounts owing to Kiefer, shall be paid to Bank of America, N.A. at closing and applied against the outstanding obligations owed to Bank of America.

7.      The Motion constitutes good and sufficient notice of the sale of the 1899 Lawnway Road Property to the Defendants, the Ohio Attorney General, the Bond Trustee, the Commission, and any holder of a lien, claim, encumbrance and/or interest in or against the 1899 Lawnway Road Property.

8.      The Receiver is authorized and empowered to take such steps, expend such sums, and do such other things as may be necessary to implement and effectuate the terms and requirements established and relief granted in this Order.

9.      This Court shall retain exclusive jurisdiction over any disputes arising from or related to the implementation or interpretation of this Order.

**IT IS SO ORDERED.**

Date: April 27, 2026

*s/Charles E. Fleming*
_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**

3